**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

JIMMY L. CASTANOS,

Plaintiff,

v. Case No. 5:26-cv-48-TKW/MJF

HEATH HOLLAND, *et al.*,

Defendants.
____________________________________/

## REPORT AND RECOMMENDATION

Because Plaintiff violated the Local Rules by failing to disclose fully and accurately his litigation history, the District Court should dismiss this case without prejudice.

### BACKGROUND

Plaintiff is a Florida inmate currently confined at Charlotte Correctional Institution. Doc. 27 at 2, 4. Plaintiff's Florida Department of Corrections inmate number is C05269. *Id.* at 1.

### A. Plaintiff's Original Complaint

On January 29, 2026, Plaintiff initiated this civil action by filing a complaint under 42 U.S.C. § 1983. Doc. at 1. The undersigned conducted

the mandatory screening of the complaint. *See* 28 U.S.C. § 1915A. Because Plaintiff had failed to state a plausible claim, the undersigned provided Plaintiff with an opportunity to amend his complaint. Doc. 13.

### B. Plaintiff's First Amended Complaint

On May 29, 2026, Plaintiff filed his first amended complaint. In response to the questions regarding his litigation history, Plaintiff disclosed that he had filed eleven state cases and two federal cases. Doc. 18 at 16–19. Plaintiff then stated that he had filed "other cases . . . within the lower court's judicial circuits and U.S. District Court's that I have missed placing on here" because the information was not available to Plaintiff. *Id.* at 19.

Because Plaintiff's complaint suffered from several defects, the undersigned provided Plaintiff yet another opportunity to amend his complaint. Doc. 25 at 5. With respect to Plaintiff's litigation disclosure, the undersigned explained that if

> Plaintiff does not have sufficient records or cannot remember the cases Plaintiff filed, Plaintiff must contact the relevant courts to determine those cases so that Plaintiff can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Plaintiff should

> retain a copy of the inquiry letter (and any response Plaintiff receives) as evidence that Plaintiff has made a reasonable, good-faith effort to discover and disclose Plaintiff's litigation history.

Doc. 25 at 6–7. The undersigned warned Plaintiff that a misrepresentation regarding his litigation history likely would result in dismissal of this civil action.

**C. <u>Plaintiff's "Notice to Inform" and Second Amended Complaint</u>**

On June 25, 2026, Plaintiff filed a "notice to inform." Doc. 26. Plaintiff explained that consistent with the undersigned's order, he sent a letter to the Brevard County Clerk of Court and the Fifth District Court of Appeals clerk of court to receive all cases filed in those courts. *Id.* On July 10, 2026, Plaintiff filed his second amended complaint. Doc. 27.

**DISCUSSION**

**A. <u>Screening of Plaintiff's Second Amended Complaint</u>**

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its

business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The complaint form then asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. The form goes on to state that the inmate should ***"[a]ttach additional pages as necessary to list all cases.***" *Id.* at 12.

Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.*

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

**B. <u>Plaintiff's Responses to Questions on the Complaint Form</u>**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires Plaintiff to disclose his litigation history. Doc. 27 at 11–13, 15–16.

Plaintiff responded, "No" to Questions VIII(A) and (B). He also responded, "Yes" to Question VIII (C) and disclosed the following federal cases:

- *Castanos v. Dykes*, No. 5:26-cv-79-AW-MJF (N.D. Fla.); and
- *Castanos v. Stasney*, 4:26-cv-235-AW-MAF (N.D. Fla.).

*Id.* at 13, 15.

Plaintiff also disclosed the following state cases:

- *Castanos v. Dixon*, No. 26-156CA (Fla. 20th Jud. Cir.);
- *Castanos v. Dixon*, No. 26-89CA (Fla. 20th Jud. Cir.);
- *Castanos v. Florida*, No. 26-612CA (Fla. 20th Jud. Cir.);
- *Castanos v. Dixon*, No. 26-636CA (Fla. 20th Jud. Cir.);
- *Castanos v. Florida*, No. 5D2025-0172 (Fla. 5th DCA);
- *Florida v. Castanos*, No. 05-2016-CF-026545 (Fla. 18th Jud. Cir.);
- *Castanos v. Florida*, No. 5D2016-4380 (Fla. 5th DCA);
- *Castanos v. Dixon*, No. 2025-CA-0165 (Fla. 14th Jud. Cir.);
- *Castanos v. Dixon*, No. 25-1655CA (Fla. 20th Jud. Cir.); and
- *Castanos v. Florida*, No. SC2026-0885 (Fla. S. Ct.).

*Id.* at 13, 15–16.

At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 14, 17. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had only filed two prior federal law suits.

**C. <u>Plaintiff's Omission</u>**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his second amended complaint in this case, Plaintiff had filed to identify *at least* one case in federal court the complaint form required him to disclose. That case was

- *Castanos v. Charlotte Correctional Institution*, No. 2:26-cv-7-SPC-NPM (M.D. Fla.).

This case was responsive to Question VIII (A) on the complaint form because the district court dismissed the case on January 5, 2026, prior to service. Additionally, this case is attributable to Plaintiff because it bears his inmate number and name. By failing to disclose this case, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of

candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D. <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>**

"[A] district court may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair*, 143 F.4th at 1306 (internal quotation marks and citations omitted). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308; *Id*. at 1306 (noting a district court's "inherent authority to dismiss [a] complaint without prejudice as a sanction for [the plaintiff's] failure to disclose his full litigation history as required by the standard inmate complaint form.").

Here, Plaintiff violated the Local Rules by failing to disclose his entire litigation history, as required by the duly adopted standard complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all his prior litigation. Doc. 27 at 10. Plaintiff also knew that the penalty for failing to disclose all prior cases was dismissal of this case. *Id.*; *see also* N.D. Fla. Loc. R. 41.1. In fact, by separate order, the undersigned instructed Plaintiff to disclose his litigation history and warned Plaintiff that the failure to do so would result in dismissal of this civil action. Doc. 25 at 6–7. s

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice.[1] *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.");

[1] Because Plaintiff alleges that the actions giving rise to this civil action occurred on May 29, 2025, the statute of limitations likely would not preclude Plaintiff from refiling this action in the near future.

*Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice—pursuant to the District Court's inherent authority to manage its docket and enforce the Local Rules—based on Plaintiff's failure to comply with the complaint form's explicit instructions and failure to truthfully disclose his litigation history.

2. **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this 17th day of August 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**